# In the United States Court of Federal Claims

## OFFICE OF SPECIAL MASTERS

Filed: January 14, 2025

```
* * * * * * * * * * * * *
YACOUB INNABI,              *
                           *
                           *
        Petitioner,        *              No. 21-336V
                           *
v.                         *              Special Master Gowen
                           *
SECRETARY OF HEALTH        *
AND HUMAN SERVICES,        *
                           *
        Respondent.        *
* * * * * * * * * * * * *
```

*Christopher Williams,* Siri & Glimstad LLP, New York, NY, for petitioner.
*Irene A. Firippis,* U.S. Dept. of Justice, Washington, D.C., for respondent.

## DECISION ON INTERIM ATTORNEYS' FEES AND COSTS[1]

On December 19, 2024, Yacoub Innabi ("petitioner"), filed a motion for interim attorneys' fees and costs. Petitioner ("Pet'r") Interim Fees Motion ("Int. Mot.") (ECF No. 48). For the reasons discussed below, I **GRANT** petitioner's motion and find that petitioner's former attorney is entitled to $39,970.13 in interim attorneys' fees and costs.

## I.    Procedural History

On January 8, 2021, petitioner filed his claim in the National Vaccine Injury Compensation Program.[2] Petition (ECF No. 1). Petitioner alleges that as a result of receiving a varicella vaccination on July 27, 2020, he suffered from pain and decreased shoulder mobility in

---

[1] Pursuant to the E-Government Act of 2002, *see* 44 U.S.C. § 3501 note (2012), because this opinion contains a reasoned explanation for the action in this case, I am required to post it on the website of the United States Court of Federal Claims. The court's website is at http://www.uscfc.uscourts.gov/aggregator/sources/7. **This means the opinion will be available to anyone with access to the Internet.** Before the opinion is posted on the court's website, each party has 14 days to file a motion requesting redaction "of any information furnished by that party: (1) that is a trade secret or commercial or financial in substance and is privileged or confidential; or (2) that includes medical files or similar files, the disclosure of which would constitute a clearly unwarranted invasion of privacy." Vaccine Rule 18(b). "An objecting party must provide the court with a proposed redacted version of the decision." *Id.* **If neither party files a motion for redaction within 14 days, the opinion will be posted on the court's website without any changes.** *Id.*

[2] The National Vaccine Injury Compensation Program is set forth in Part 2 of the National Childhood Vaccine Injury Act of 1986, Pub L. No. 99-660, 100 Stat. 3755, codified as amended, 42 U.S.C. §§ 300aa-1 to -34 (2012) ("Vaccine Act" or "the Act"). All citations in this decision to individual sections of the Vaccine Act are to 42 U.S.C.A. § 300aa.

his left shoulder. *Id.* Petitioner also filed medical records to support his claim. *See* Pet'r Exhibits ("Exs.") 2-8.

On January 10, 2023, respondent filed the Rule 4c report recommending against compensation. Respondent ("Resp't") Report ("Rept.") (ECF No. 34). In response, petitioner filed an expert report from orthopedic surgeon, Dr. Jerome Piontek. Pet'r Ex. 9. Respondent filed a responsive expert report by orthopedic surgeon, Dr. Geoffrey Adams. Resp't Ex. A (ECF No. 36). Petitioner filed a responsive expert report from Dr. Piontek on November 20, 2023. Pet'r Ex. 20 (ECF No. 39).

I held a Rule 5 status conference on September 25, 2024. Rule 5 Order (ECF No. 45). I recommended the parties engage in litigative risk settlement negotiations. *Id.* at 3. However, respondent filed a status report stating that he intended to continue to defend this claim and requested an opportunity to file a responsive expert report. Resp't Status Rept. (ECF No. 46).

On December 19, 2024, petitioner filed this motion for interim attorneys' fees and costs, requesting a total of $39,970.13. Pet'r Int. Mot. at 12. More specifically, petitioner is requesting $28,900.50 in attorneys' fees and $11,069.63 in attorneys' costs. *Id.* at 7. On December 31, 2024, respondent filed a response stating that he "defers to the Special Master to determine whether or not petitioner has met her legal standard for an interim fees and costs award," and that respondent "requests that the Court exercise its discretion regarding petitioner's request for an award of interim attorneys' fees and costs." Resp't Response at 3-4 (ECF No. 50). Petitioner did not file a reply.[3]

This matter is now ripe for adjudication.

## II. Entitlement to attorneys' fees and costs

### A. Legal standard

The Vaccine Act provides that reasonable attorney's fees and costs "shall be awarded" for a petition that results in compensation. §15(e)(1)(A)-(B). Even when compensation is not awarded, reasonable attorneys' fees and costs "may" be awarded "if the special master or court determines that the petition was brought in good faith and there was a reasonable basis for which the claim was brought." § 15(e)(1). The Federal Circuit has reasoned that in formulating this standard, Congress intended "to ensure that vaccine injury claimants have readily available a competent bar to prosecute their claims." *Cloer v. Sec'y of Health & Human Servs.*, 675 F.3d 1358, 1362 (Fed. Cir. 2012).

Petitioners act in "good faith" if they filed their claims with an honest belief that a vaccine injury occurred. *Turner v. Sec'y of Health & Human Servs.,* No. 99-544V, 2007 WL 4410030, at *5 (Fed. Cl. Spec. Mstr. Nov. 30, 2007). In this case, respondent does not contest petitioner's good faith in bringing this claim and petitioner's medical records establish that he

---

[3] On January 6, 2024, petitioner filed a consented motion to substitute counsel, with Mr. Christopher Williams entering his appearance on behalf of Mr. Andrew Downing. This interim attorneys' fees decision resolves the attorneys' fees and costs for Mr. Downing. *See* Consented Motion to Substitute Counsel (ECF No. 51).

has an honest belief that his left shoulder pain was caused by the varicella vaccine.  *See* Pet'r Ex. 1 at 1-2 (ECF No. 10).

To receive an award of fees and costs, a petitioner must also demonstrate the claim was brought with a reasonable basis through objective evidence supporting "the *claim* for which the petition was brought."  *Simmons v. Sec'y of Health & Human Servs.,* 875 F.3d 632 (Fed. Cir. 2017); *see also Chuisano v. Sec'y of Health & Human Servs.,* 116 Fed. Cl. 276, 286 (2014) (citing *McKellar v. Sec'y of Health & Human Servs.,* 101 Fed Cl. 297, 303 (2011)).  Petitioner filed accompanying medical records to support his claim and expert reports to support vaccine causation.  Accordingly, I find that there is reasonable basis to award petitioner reasonable interim attorneys' fees and costs.

### A.  Interim awards

The Vaccine Act permits interim attorneys' fees and costs.  *Avera v. Sec'y of Health & Human Servs.*, 515 F.3d 1343, 1352 (Fed. Cir. 2008); *Shaw v. Sec'y of Health & Human Servs.*, 609 F.3d 1372 (Fed. Cir. 2010).  In *Shaw,* the Federal Circuit held that it was proper to grant an interim award when "the claimant establishes that the cost of litigation has imposed an undue hardship."  609 F.3d at 1375.  In *Avera,* the Federal Circuit stated that "[i]nterim fees are particularly appropriate in cases where proceedings are protracted, and costly experts must be retained."  515 F.3d at 1352.  I do not routinely grant interim fee applications.  I generally defer ruling on an interim fee application if: the case has been pending for less than 1.5 years (measured from the date of filing); the amount of fees requested is less than $30,000; and/ or the aggregate amount of expert costs is less than $15,000.00.  If any one of these conditions exists, I generally defer ruling until these thresholds are met or until an entitlement hearing has occurred.  These are, however, only informal requirements, and there are ultimately many factors bearing on the merit of an interim fee application.  I evaluate each one on its own merits.

In this case, the total amount of interim fees and costs being requested is $39,970.13 and while the attorneys' fees and costs are less than the amounts listed above, this case has been pending for over two years, petitioner's expert has already written two expert reports and more fees are likely to be incurred as litigation in this matter continues.  As such, I find that an award of interim attorneys' fees and costs is appropriate at this time.

### III. Reasonable attorneys' fees and costs

### A.  Legal standard

As stated above, the Vaccine Act only authorizes "reasonable" attorneys' fees and costs. The Federal Circuit has approved use of the lodestar approach to determine reasonable attorneys' fees and costs under the Vaccine Act.  *Avera*, 515 F.3d at 1349.  Using the lodestar approach, a court first determines "an initial estimate of a reasonable attorneys' fee by 'multiplying the number of hours reasonably expended on the litigation times a reasonable hourly rate.'"  *Id.* at 1347-58 (quoting *Blum v. Stenson*, 465 U.S. 886, 888 (1984)).  Then, the court may make an upward or downward departure from the initial calculation of the fee award based on other specific findings.  *Id.* at 1348.  Although not explicitly stated in the statute, the requirement that

only reasonable amounts be awarded applies to costs as well as to fees.  *See Perreira v. Sec'y of Health & Human Servs.*, 27 Fed. Cl. 29, 34 (1992), *aff'd*, 33 F.3d 1375 (Fed. Cir. 1994).

Special masters have "wide discretion in determining the reasonableness of both attorneys' fees and costs."  *Hines v. Sec'y of Health & Human Servs.*, 22 Cl. Ct. 750, 753 (1991).  They may look to their experience and judgment to reduce the number of hours billed to a level they find reasonable for the work performed.  *Saxton v. Sec'y of Health & Human Servs.*, 3 F.3d 1517, 1521 (Fed. Cir. 1993).  A line-by-line evaluation of the billing records is not required.  *Wasson v. Sec'y of Health & Human Servs.*, 24 Cl. Ct. 482, 483 (1991), *aff'd in relevant part*, 988 F.2d 131 (Fed. Cir. 1993 (per curiam).

The petitioner "bea[rs] the burden of establishing the hours expended, the rates charged, and the expenses incurred" are reasonable.  *Wasson*, 24 Cl. Ct. at 484.  Adequate proof of the claimed fees and costs should be presented when the motion is filed.  *Id.* at 484, n. 1.  Counsel "should make a good faith effort to exclude from a fee request hour that are excessive, redundant, or otherwise unnecessary, just as a lawyer in private practice ethically is obligated to exclude such hours from his fee submission."  *Hensley v. Eckerhart*, 461 U.S. 424, 434 (1983).

### B.  Hourly rate

The interim fee decision in *McCulloch* provides a framework for consideration of appropriate ranges for attorneys' fees based upon an individual's experience.  *McCulloch v. Sec'y of Health & Human Servs.*, No. 09-293V, 2015 WL 5634323 (Fed. Cl. Spec. Mstr. Sept. 1, 2015), *motion for recons. denied*, 2015 WL 6181910 (Fed. Cl. Spec. Mstr. Sept. 21, 2015).  The Court has since updated the *McCulloch* rates.  The Attorneys Forum Hourly Rate Fee Schedules for 2018-2025 can be accessed online.

Petitioner's hourly rate requests for his attorneys, Mr. Andrew Downing and Ms. Courtney Jorgenson consistent with the OSM Attorneys' Forum Hourly Rate Fee Schedules and consistent with past attorneys' fees decisions granted by myself and other special masters.  *See McCall v. Sec'y of Health & Hum. Servs.,* No. 18-152V, 2023 WL 1956354 (Fed. Cl. Spec. Mstr. Feb. 13, 2023); *Krietor v. Sec'y of Health & Hum. Servs.,* No. 19-1450V, 2023 WL 4571971, at *2 (Fed. Cl. Spec. Mstr. June, 29, 2023); *Fiske v. Sec'y of Health & Hum. Servs.,* No. 17-1378V, 2024 WL 4931334, at *2 (Fed. Cl. Spec. Mstr. Nov. 1, 2024).  Accordingly, I find that the hourly rates charged by the Downing, Allison & Jorgenson firm to be reasonable and no adjustments are necessary.

### C.  Reasonable Hours Expended

Attorneys' fees are awarded for the "number of hours reasonably expended on the litigation."  *Avera,* 515 F.3d at 1348.  Counsel should not include in their fee requests hours that are "excessive, redundant, or otherwise unnecessary."  *Saxton,* 3 F.3d at 1521 (quoting *Hensley v. Eckerhart,* 461 U.S. 424, 434 (1983)).

The overall hours spent on this matter appear to be reasonable.  I have reviewed the billing entries and find that they adequately describe the work performed on this case and the

amount of time performed on each task.  None of the entries appear to be redundant or objectionable, and respondent has not identified any entries as objectionable.  Accordingly, petitioner's interim attorneys' fees shall be awarded in full.

### D.  Attorneys' Costs

Like attorneys' fees, a request for reimbursement of attorneys' costs must be reasonable. *Perreira v. Sec'y of Health & Hum. Servs.* 27 Fed. Cl. 29, 34 (Fed. Cl. 1992).  Petitioner is requesting a total of $11,069.63 in attorneys' costs.  Int. Mot. at 7; Exhibit ("Ex.") A at 12. These costs include the filing fee, fees for obtaining medical records, postage charges, and the fee associated with petitioner's expert, Dr. Jerome G. Pointek.

Dr. Pointek is an orthopedic surgeon, and he charged a total of $10,500.00 at $400.00 per hour for his work as an expert, which included reviewing petitioner's medical records, respondent's Rule 4(c) report, and respondent's expert's reports and write two expert reports in support of petitioner's case.  *See* Pet'r Exs. 8 & 20.  Dr. Pointek's hourly rate is consistent with what other orthopedic surgeons with his education and professional experience have been awarded in other Vaccine Program cases and shall be awarded his fees in full.

Petitioner's costs have been supported with the necessary documentation and are reasonable.  Petitioner shall be awarded the full of amount of interim attorneys' costs requested.

### IV. Conclusion

For the reasons set forth above, I find that it is reasonable to compensate petitioner's former attorney, Mr. Andrew Downing, for interim attorneys' fees and costs.

**Accordingly, the petitioner is awarded interim attorneys' fees and costs in the total amount of $39,970.13, to be paid through an ACH deposit to petitioner's former counsel, Mr. Andrew D. Downing's IOLTA account for prompt disbursement.**

In the absence of a motion for review filed pursuant to RCFC Appendix B, the clerk of the court shall enter judgment in accordance herewith.[4]

**IT IS SO ORDERED.**

**s/Thomas L. Gowen**
Thomas L. Gowen
Special Master

---

[4] Entry of judgment can be expedited by each party's filing of a notice renouncing the right to seek review. Vaccine Rule 11(a).